UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCELLUS DARNELL WASHINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDIANA DEPARTMENT OF ) <br> CORRECTION HERITAGE TRAIL ) <br> CORRECTIONAL FACILITY, ) <br> HERITAGE TRAIL CORRECTIONAL ) <br> FACILITY SECURITY GUARD A, ) <br> HERITAGE TRAIL CORRECTIONAL ) <br> FACILITY SECURITY GUARD B, ) <br> INDIANA DEPARTMENT OF ) <br> CORRECTION NEW CASTLE ) <br> CORRECTIONAL FACILTY, ) <br> THE GEO GROUP INC., ) <br> CENTURION HEALTH OF INDIANA LLC, ) <br> CORIZON HEALTH INC., ) <br> ) <br> Defendants. ) | No. 1:24-cv-00977-JPH-MG |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Marcellus Darnell Washington alleges in this civil rights action that Defendants violated his constitutional rights when he was incarcerated at Heritage Trail Correctional Facility. Since filing the complaint, Defendants the GEO Group, Inc. (GEO Group) and Centurion Health of Indiana LLC (Centurion) have appeared and answered the complaint. Plaintiff has moved to dismiss Defendant Corizon Health Inc. without prejudice. That motion, dkt. 17, is **granted**.

Because Plaintiff is not now a prisoner, and has paid the filing fee, the Court screens the complaint under its inherent authority and responsibility to

do so. *Mallard v. United States District Court*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint

generally alleges that Defendants were negligent and deliberately indifferent to Mr. Washington's medical needs when he suffered from multiple strokes while incarcerated.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the claims against Heritage Trail Correctional Facility and New Castle Correctional Facility are **dismissed for failure to state a claim** upon which relief may be granted. The facilities are buildings, not people who can be sued for damages. *E.g., White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison, the Correctional Industrial Facility, a building is not a person capable of being sued under § 1983."); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Second, the claims against unknown Heritage Trail Correctional Facility Security Guard A and Heritage Trail Correctional Facility Security Guard B **must be dismissed**. "[I]t is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

The claims which shall proceed are the following: Mr. Washington's Eighth Amendment deliberate indifference and state law negligence claims **shall proceed** against the GEO Group and Centurion as plead in the complaint.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 27, 2024**, in which to file a motion to reconsider the screening order.

The **clerk is directed** to terminate Corizon, Indiana Department of Correction Heritage Trail Correctional Facility, Indiana Department of Correction New Castle Correctional Facility, Heritage Trail Correctional Facility Security Guard A, and Heritage Trail Correctional Facility Security Guard B as defendants on the docket.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/29/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel