UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARCELLUS DARNELL WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00977-JPH-MG |
| | ) | |
| THE GEO GROUP INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO RECONSIDER AND
MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.
Motion to reconsider**

The Court previously screened the complaint under its inherent

authority, dkt. 18. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in*

*forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious'

action, but there is little doubt they would have power to do so even in the

absence of this statutory provision"); *Hoskins v. Poelstra*, 320 F.3d 761, 763

(7th Cir. 2003) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

Mr. Washington now seeks reconsideration of the screening order. That

motion is **denied** to the extent Mr. Washington seeks to reinstate claims

against Heritage Trail Correctional Facility and New Castle Correctional

Facility. As the screening order indicated, the claims against the facilities are

futile because they are buildings and are not persons subject to suit under

Section 1983. *E.g.*, *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As

for the defendant prison, the Correctional Industrial Facility, a building is not a

1

person capable of being sued under § 1983."); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").  Accordingly, Mr. Washington's motion to reconsider is **denied** as it relates to the dismissal of the claims against Heritage Trail Correctional Facility and New Castle Correctional Facility.

Further, Mr. Washington's motion to reconsider is **denied** to the extent he seeks to reinstate claims against Heritage Trail Security Guards A and B. Mr. Washington states that GEO Defendants refused to respond to discovery due to their pending exhaustion defense.  Dkt. 20 at 4.  Mr. Washington is correct that the PLRA's requirement to exhaust all administrative remedies before filing a lawsuit does not apply to him in this case.  *Id.*; *see also Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) ("§ 1997e applies only to prisoners, and a plaintiff's status as a 'prisoner' is to be determined as of the time he brought the lawsuit." (citing *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998)). Because Mr. Washington was not incarcerated when he filed this lawsuit, he was not a "prisoner" for purposes of the PLRA's exhaustion requirement. Accordingly, **GEO Defendants are ordered to respond** to discovery for the limited purpose of identifying Security Guards A and B.

This matter will be scheduled for an initial pretrial conference, and a proposed case management plan will be filed by the parties that includes a deadline for amending the complaint.  To the extent Mr. Washington seeks to identify Heritage Trail Security Guards A and B, that information can be

sought through discovery. Mr. Washington may amend his complaint by the deadline dictated by the case management plan. Accordingly, Mr. Washington's motion to reconsider is **denied as unnecessary** as it relates to the dismissed claims against Heritage Trail Correctional Facility Security Guards A and B.

## II.
### Motion for judgment on the pleadings

Defendant Centurion Health of Indiana filed a partial motion for judgment on the pleadings arguing that Mr. Washington failed to state a claim under the Eighth Amendment upon which relief can be granted. Dkt. 14. Specifically, Centurion argues that, at best, Plaintiff has pled facts alleging that unknown employees of Centurion violated his rights in the delivery of his medical care. *Id.* at 2. Centurion argues that Mr. Washington has failed to plead any facts that could support a *Monell* claim. *Id.*

A defendant may move for judgment on the pleadings for reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). The complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A reviewing court draws all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions. *Vesely v. Armslist LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014).

Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, Mr. Washington must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean*, 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

"Liability under this standard is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (cleaned up). Liability may attach in two circumstances: First, "if an express municipal policy or affirmative municipal action is itself unconstitutional, . . . [Mr. Washington] has a straightforward path to holding the municipality accountable . . . [and] a single instance of a constitutional

violation caused by the policy suffices to establish municipal liability." *Id.* (cleaned up). Second, Mr. Washington may show "gaps in express policies or . . . widespread practices that are not tethered to a particular written policy—situations in which a municipality has knowingly acquiesced in an unconstitutional result of what its express policies have left unsaid." *Id.* (cleaned up). Under this theory Mr. Washington "must typically point to evidence of a prior pattern of similar constitutional violations" to "ensure that there is a true municipal policy at issue, not a random event." *Id.* (cleaned up). A *Monell* claim should proceed even on the sole allegation that the municipality had an unconstitutional practice "so widespread and well-settled that it constitutes a custom or usage with the force of law." *Regains v. City of Chicago*, 918 F.3d 529, 535 (7th Cir. 2019) (quoting plaintiff's brief, which quoted the standard from *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015)).

Here, Mr. Washington alleges that he suffered a debilitating stroke at the Heritage Trail Correctional Facility in June 2023. The complaint specifically identifies Centurion policies, practices, or customs—or lack thereof—that caused the violation of Mr. Washington's constitutional rights as it relates to his medical care. *See* dkt. 1. Specifically, Mr. Washington alleges that his injuries and damages are "a result of policies, practices, and procedures put in place and executed by Defendants which limited the resources and staff necessary to adequately diagnose and treat inmates' serious medical

conditions." *Id.* at 3.  Mr. Washington further alleges that Centurion failed to implement and promulgate proper policies regarding:

> (a) "Reporting, and for receiving reports of, medical emergencies;
>
> (b) Recognizing emergent medical needs of incarcerated people;
>
> (c) Responding to those medical emergencies in a timely and appropriate manner; and
>
> (d) Providing adequate staffing and resources to accomplish (a) – (c) above."

*Id.* at 8.  Mr. Washington's complaint further alleges that Defendants had actual knowledge that a constitutional violation would occur if they did not implement proper policies and procedures for diagnosing and responding to serious medical emergencies, such as a stroke.  *Id.* at 9.

The Court finds that Mr. Washington's allegations sufficiently state a policy and practice claim against Centurion.  Accordingly, Centurion's motion for judgment on the pleadings, dkt. [14], is **DENIED.**

## III.
## Conclusion

Mr. Washington's motion to reconsider the screening order, dkt. [20], is **DENIED** to the extent it seeks reinstatement of claims against Heritage Trail Correctional Facility, New Castle Correctional Facility, and Heritage Trail Security Guards A and B.  But **GEO Defendants are ordered to respond to discovery** for the limited purpose of identifying Heritage Trail Security Guards A and B.  Mr. Washington may amend his complaint pursuant to the deadline dictated by the case management plan.

Defendant Centurion's motion for judgment on the pleadings, dkt. [14], is

**DENIED.**

**SO ORDERED.**

Date: 1/22/2025

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

7