UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCELLUS DARNELL WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00977-JPH-MG ) |
| THE GEO GROUP INC., et al., | ) ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Marcellus Darnell Washington alleges in this civil rights action that Defendants violated his constitutional rights when he was incarcerated at Heritage Trail Correctional Facility. Mr. Washington has now filed an amended complaint. Dkt. 29.

Because Mr. Washington is not now a prisoner, and has paid the filing fee, the Court screens the complaint under its inherent authority and responsibility to do so. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

1

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Amended Complaint

Mr. Washington's factual allegations are accepted as true at the pleading stage.  *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).  The amended complaint generally alleges that Defendants were negligent and deliberately indifferent to Mr. Washington's medical needs when he suffered from multiple strokes while incarcerated.  The amended complaint adds three defendants: (1) Warden Angela Reaves; (2) Officer Sancha Belgarde; and (3) Officer Joseph Chuku.

## III. Discussion of Claims

The claims which shall proceed are the following: Mr. Washington's Eighth Amendment deliberate indifference and state law negligence claims **shall proceed** against the GEO Group, Centurion, Warden Reaves, Officer Belgarde, and Officer Chuku as pleaded in the amended complaint.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have up to and including **July 2, 2025,** in which to file a motion to reconsider the screening order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure. The Court notes that Centurion has filed an answer to the amended complaint, dkt. 36, and summons were issued to the GEO Group Defendants on April 8, 2025. Dkts. 33–35.

**SO ORDERED.**

Date: 6/3/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

3